UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20715-CR-COOKE

**UNITED STATES OF AMERICA,**

vs.

**CRAIG SIZER,**

      **Defendant.**
_____/

**IN RE: THIRD PARTY PETITION OF**

**MARIA SIZER,**

      **Petitioner/Claimant.**
_____/

**UNITED STATES' MOTION TO DISMISS
VERIFIED PETITION OF MARIA SIZER**

Plaintiff, United States of America (hereafter "United States" or "Government"), files this motion to dismiss the Verified Claim and Petition (hereafter "Verified Petition") of Maria Sizer[1] (hereafter "Petitioner" or "Ms. Sizer") [ECF No. 641] for failure to state a claim, pursuant to Rule 32.2(c)(1)(A), Federal Rules of Criminal Procedure.[2] In support thereof the United States submits the following factual and legal basis.

**I.     Relevant Factual and Procedural History**

1.     On February 23, 2017, defendant Craig Sizer (hereafter "defendant Sizer") pled guilty to conspiracy to commit wire fraud and mail fraud, in violation of Title 18, United States

---

[1] Maria Sizer is the wife of defendant Craig Sizer.

[2] Rule 32.2(c)(1)(A), Fed. R. Crim. P. provides for the dismissal, upon motion, of petitions for lack of standing, failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.

Code, Section 1349 (Count 1). Defendant Sizer also agreed to the forfeiture of 555 N.E. 57 Street, Miami, FL (hereafter the "Property") as property traceable to the gross proceeds of the fraud; and, to entry of a forfeiture money judgment of $22,456,186.00, which sum represents the gross proceeds obtained as a result of the offense of conviction, pursuant to Title 18, United States Code, Section 982(a)(8). *See* Plea Agreement at ECF No. 170 at p. 7, ¶ 13.

2. On July 13, 2017, the Court entered a Preliminary Order of Forfeiture which provided for the forfeiture of the Property and a $22,456,186.00 forfeiture money judgment. *See* Preliminary Order of Forfeiture at ECF No. 490.

3. On July 26, 2017, defendant Sizer was sentenced to 180 months in prison, forfeiture was pronounced and incorporated in the Judgment and Conviction Order, and restitution was ordered in an amount to be subsequently determined. *See* Amended Judgment and Conviction Order at ECF No. 559.

4. In accordance with Title 21, United States Code, Section 853(n)(1), notice of forfeiture was published on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on July 8, 2017 and ending on August 6, 2017. *See* Declaration of Publication at ECF No. 605.

5. Also in accordance with Title 21, United States Code, Section 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, direct written notice of forfeiture was provided to all persons and entities known to have an alleged interest in the forfeited property.

6. On September 25, 2017, Ms. Sizer filed a Verified Petition wherein she claims she is a bona fide purchaser for value of the Property under 21 U.S.C. § 853(n)(6)(B) who, at the time she was included in the title of the Property via quit claim deed, was reasonably without cause to believe the Property was subject to forfeiture. *See* Verified Petition at ECF No. 641, p. 2, ¶ 14.

7. The Property was purchased by, and titled solely in the name of, defendant Sizer on March 6, 2008. *See* Warranty Deed attached as Government's Exhibit A.

8. The offense giving rise to the forfeiture of the Property began in April 2009. *See* Indictment at ECF No. 3, p. 4.

9. Defendant Sizer and Petitioner were married in August 2009. *See* Verified Petition at ECF No. 641, Exhibit 3.

10. Defendant Sizer transferred title to himself and Petitioner via quit claim deed in September 2015. *See* Verified Petition at ECF No. 641, p. 46.

## II. Memorandum of Law

### A. Dismissal Standard

Pursuant to Rule 32.2(c)(1)(A), Federal Rule of Criminal Procedure, "[i]n the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason . . . ." A motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing "should be treated like a motion to dismiss a civil complaint" under Fed. R. Civ. P. 12(b). *See United States v. Marion,* 562 F.3d 1330, 1342 (11th Cir. 2009) (quoting *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004). The facts set forth in the petition are assumed to be true and the scope of review is limited to the four corners of plaintiff's pleading. *St. George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir. 2002). If a third party fails to allege in its petition all elements necessary for recovery, the court may dismiss the petition without providing a hearing. *United States v. BCCI Holdings (Luxembourg), S.A.,* 916 F. Supp. 1276, 1282 (D.D.C. 1996). As discussed more fully below, because the facts alleged in Ms. Sizer's Verified Petition are insufficient as a matter of law to state a claim for which relief can be granted under Title 21, United States Code, Section 853(n)(6)(B), the Verified Petition should be

3

dismissed.

### B.     The Ancillary Proceeding

Title 21, United States Code, Section 853(n) sets forth the procedures by which third parties may assert an interest in forfeited property after a preliminary order of forfeiture has been entered. To participate in an ancillary proceeding, a petitioner bears the burden of establishing that his/her interest is superior to that of the defendant's *or* by demonstrating that he/she was a bona fide purchaser of the property for value without reasonable cause to believe that the property was subject to forfeiture at the time of the purchase. *See* 21 U.S.C. § 853(n)(6) (2017).

Importantly, a third party petitioner bears the burden of proof to establish his/her interest by a preponderance of the evidence. *See United States v. Kennedy*, 201 F.3d 1324,1328-29 (11th Cir. 2000); *United States v. Gilbert*, 244 F.3d 888, 911 (11th Cir. 2001) (establishing that a third party, not the Government, bears the burden of proving one of the "limited grounds" for recovery by a preponderance of the evidence), *superseded by rule on other grounds as stated in United States v. Marion*, 562 F.3d 1330, 1340-41 (11th Cir. 2009).

Petitioner contends that she is a bona fide purchaser for value of the Property and was at the time of the purchase reasonably without cause to believe that the Property was subject to forfeiture under Title 21, United States Code, Section 853(n)(6)(B). *See* Petition at ECF No. 641, p. 2, ¶ 14. In order to contest the forfeiture, Petitioner must first establish that she has a "legal interest" in the Property, as required by Title 21, United States Code, Section 853(n)(2).[3] Then, as a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(B), Petitioner must establish that: 1)

---

[3] *See United States v. Timley*, 507 F.3d 1125, 1129-30 (8th Cir. 2007) (noting that under Section 853(n)(2), the claimant must show that he has a "legal interest" in the forfeited property to establish statutory standing). The nature of the claimant's interest is determined by reference to applicable state law, but the determination of whether such an interest is sufficient for the person to prevail in terms of Section 853(n)(6) is a matter of federal law. *See Kennedy*, 201 F. 3d at 1334.

she was a bona fide purchaser **for value**; and, 2) was reasonably without cause to believe the property was subject to forfeiture. *See United States v. Soreide*, 2005 WL 8137780, at *6 (S.D. Fla. March 23, 2005) (the elements of the offense are separate and conjunctive), *aff'd on other grounds*, 461 F.3d 1351 (11th Cir. 2006).

If Petitioner cannot satisfy the threshold requirement in Section 853(n)(2), the court never reaches the merits of her claim under Section 853(n)(6)(B). *See Timley*, 507 F.3d at 1129 n.2 (noting that a court should not conflate the standing requirement in Section 853(n)(2) with the requirements of a claim on the merits under Section 853(n)(6)). Moreover, if Petitioner cannot establish that she was a "purchaser for value", the court does not reach the "cause to believe" element. *See Soreide*, 2005 WL 8137780, at *7 (noting that wife gave no value for the property; therefore, it was unnecessary to decide if she had reason to know it was forfeitable). If a third party fails to allege in his/her petition all elements necessary for recovery, the Court may dismiss the petition without a hearing. Fed. R. Crim. P. 32.2(c)(1)(A).[4]

As set forth below, Petitioner's claim should be dismissed for two reasons: 1) under the relation back doctrine codified at 21 U.S.C. § 853(c), the Government's interest in the Property vests at the time of the offense giving rise to the forfeiture; and, 2) Petitioner is not a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(B).

The relation back doctrine, which is codified in Title 21, United States Code, Section 853(c), states as follows:

> All right, title, and interest in property . . . *vests in the United States upon the commission of the act giving rise to forfeiture* under this section. Any such property that is subsequently transferred to a person . . . shall be ordered forfeited to the United States, unless the transferee establishes . . . pursuant to subsection (n) of this section

---

[4] *See also BCCI Holdings*, 977 F. Supp. at 453 (*citing In re Petition of Pacific Bank*, 956 F. Supp. 5, 10 (D.D.C. 1997)).

> that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under his section.

§ 853(c) (emphasis added). In this case, the acts giving rise to the forfeiture of the Property began in *April 2009*, the onset of the conspiracy for which defendant Sizer was convicted. *See* Indictment at p. 4. The quit claim deed transferring title from defendant Sizer to defendant Sizer and Petitioner was executed in *September 2015*. *See* Verified Petition at ECF No. 641, p. 46. Pursuant to Florida Statute Section 689.01, an interest in real property cannot be conveyed other than by deed. Thus, the Property subsequently transferred to the Petitioner shall be forfeited to the Government unless Petitioner can establish that she is a bona fide purchaser for value who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture.[5]

Petitioner claims she has a fifty percent interest in the equity of the Property as a result of the marriage and the quit claim deed. *See* Verified Petition at ECF No. 641, p. 4, ¶ 26. The bona fide purchaser provision comes from state commercial law; it is an exception to the relation back doctrine.[6] In this case, Petitioner gave no consideration in exchange for defendant's transfer of the

---

[5] *See also United States v. Gonzalez*, 597 F. App'x. 270 (5th Cir. 2015) (per curiam) (affirming the district court's dismissal of the defendant's wife's third-party petition asserting a legal claim to forfeited property because, according to the relation back doctrine, the government's interest in the property vested at the time of defendant's offense, which occurred before the couple purchased the property); *United States v. Lazarenko*, 476 F.3d 642, 647-48 (9th Cir. 2007) (holding that under the relation back doctrine, the Government's interest in the property vests at the time the defendant commits the crime; "[o]therwise, a defendant could attempt to avoid criminal forfeiture by transferring his property to another party before conviction"); *United States v. Dupree*, 919 F. Supp. 2d 254, 269 (E.D.N.Y. 2013)(holding that the Government's interest vested before the assignment of the property to claimant because it vested at the onset of the conspiracy).

[6] *See United States v. Huntington Nat'l Bank*, 682 F.3d 429, 434 (6th Cir. 2012) (explaining that the BFP provision in section 853(n)(6)(B) is an exception to the relation back doctrine that comes from commercial law and is intended to protect innocent purchasers of the forfeited property); *United States v. Harris*, 246 F.3d 566, 575 (6th Cir. 2001) (noting that the bona fide purchaser provision comes from "hornbook commercial law"); *United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991) (same); *United States v. McCorkle*, 143 F. Supp. 2d 1311, 1325 (M.D. Fla. 2001) (the bona fide purchaser provision in section 853(n)(6)(B) is a codification of the protection for bona fide purchasers in section 2-403 of the Uniform Commercial Code); *Soreide*, 2005 WL 8137780, at *5 (same; following *Lavin*), aff'd, 461 F.3d 1351 (11th Cir. 2006).

Property.  Thus, Petitioner is not a bona fide purchaser in terms of section 853(n)(6)(B).[7]

### C. Conclusion

For the reasons set forth above, the facts alleged by Petitioner in her Verified Petition are insufficient as a matter of law to state a claim upon which relief can be granted under Title 21, United States Code, Section 853(n)(6). Thus, her Verified Petition should be dismissed.

WHEREFORE, the United States requests that Petitioner's claim be dismissed, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By:   *s/ Michelle B. Alvarez*
      Michelle B. Alvarez
      Assistant United States Attorney
      Florida Bar No. 615617
      99 NE 4th Street
      Miami, Florida 33132-2111
      Tel. (305) 961-9088
      Fax. (305) 536-7599
      michelle.alvarez@usdoj.gov

---

[7] *See United States v. Guerra*, 216 F. App'x. 906, 910-11 (11th Cir. 2007) (holding that defendant's husband was not a bona fide purchaser in terms of section 853(n)(6)(B) because he gave no consideration in exchange for defendant's transfer of her property; that he made improvements to the property with no expectation of being paid, and gave his wife "love and affection" was not sufficient); *Kennedy*, 201 F.3d at 1335 (noting that the relation back doctrine was included in section 853 as a way of avoiding gift transfers from the defendant to his wife).

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 22, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/Michelle B. Alvarez*_____
Michelle B. Alvarez
Assistant United States Attorney