UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cr-20715-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CRAIG SIZER,

    Defendant.
_____/

## ORDER ON MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** is before the Court upon Petitioner Craig Sizer's Renewed Motion Pursuant to 18 U.S.C. § 3582 for a Reduction in Sentence, ECF No. [1044] ("Motion"), docketed on April 26, 2023. Sizer's Motion includes exhibits that Sizer redacted to protect his confidential medical information. *See* ECF No. [1045].[1] With the Court's leave, ECF No. [1047], Sizer filed under seal an unredacted version of his Motion that includes that information. ECF No. [1046] (sealed). The Government filed a Response in Opposition to Sizer's Motion. ECF No. [1050]. Sizer has not filed a permissive Reply. The Court has reviewed the Motion, Sizer's sealed filing, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.    BACKGROUND**

On February 24, 2017, Sizer pleaded guilty to a single count of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349. ECF No. [170]. He was sentenced to a term of

---

[1] Sizer's Motion to Seal and the Court's order granting that motion were erroneously sealed. *See* ECF Nos. [1045], [1047]. There is no confidential information within those filings, so the Court is ordering them unsealed. Sizer's Renewed Motion to Seal, ECF No. [1046], shall remain sealed until further order from the Court.

imprisonment of 180 months, followed by 3 years of supervised release. ECF No. [547]. He is currently housed at FCI Coleman in Coleman, Florida. ECF No. [1046] at 12.

In his Motion, Sizer argues that three extraordinary and compelling reasons warrant a reduction in his sentence. *See generally id*. First, he points to the sentencing disparity between his sentence and those of his codefendants. *Id*. at 6. Second, he asserts that he suffers from medical conditions that the prison is not adequately treating. *Id*. at 8. Third, he urges the Court to consider his good conduct following his conviction. *Id*. at 10. He supports his Motion with his request to the Warden of FCI Coleman for compassionate release, ECF No. [1046-1], his medical records, ECF No. [1046-2], certificates of completion of Sizer's GED and other programs, ECF No. [1046-3], a letter stating that Sizer will be housed following his release, ECF No. [1046-4], a letter indicating that he has an employment prospect following release, ECF No. [1046-5], and letters of support from friends and family, ECF No. [1046-6].

In response, the Government argues that Sizer has failed to assert a valid ground for extraordinary release. ECF No. [1050] at 4 (citing *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021).

## II.   LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Sizer seeks relief specifically under the compassionate release provision, § 3582(c)(1)(A), which states:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The current policy statement provides that

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the

factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)(A) extraordinary and compelling reasons warrant the reduction; or

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

**Commentary**

**Application Notes:**

1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) **Medical Condition of the Defendant.**—

(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health

>   because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
>   (C) **Family Circumstances.**—
>
>   >   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>   >
>   >   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>   (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018) ("U.S.S.G.").

Although the existing policy statement still assumes compassionate release "may be granted only upon motion by the Director of the Bureau of Prisons," the United States Court of Appeals for the Eleventh Circuit decided that § 1B1.13 is applicable for all § 3582(c)(1)(A) motions, whether filed by the BOP or by a defendant directly, and courts do not have discretion to develop "other reasons" to justify a reduction in a defendant's sentence. *United States of America v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021). Accordingly, the Court must apply § 1B1.13 to determine whether extraordinary and compelling circumstances exist.

In order to grant a request pursuant to § 3582(c)(1)(A), the Court must: (1) find that the defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). Through this lens, the Court considers the instant Motion.

### III.   DISCUSSION

#### A.  Exhaustion of administrative remedies

As an initial matter, the Court recognizes that Sizer has satisfied the administrative exhaustion inquiry of the compassionate release analysis, *see* ECF No. [1046-1] at 1, and the Government does not dispute that the exhaustion requirement has been satisfied. However, as explained below, Sizer fails to demonstrate that extraordinary and compelling circumstances exist in this case.

#### B.  Extraordinary and compelling circumstances

Sizer's first and third "extraordinary and compelling" arguments are nonstarters. His good conduct in prison, efforts toward rehabilitation, and his allegedly harsh sentence are not "extraordinary and compelling circumstances" recognized by § 1B1.13, so the Court does not have discretion to consider them as such. *Bryant*, 996 F.3d at 1248.

As for Sizer's second argument, Sizer has failed to show that any of his medical conditions qualify as "extraordinary and compelling circumstances." He asserts that, at the time his incarceration began, he suffered from obesity, high cholesterol, hypertension, hyperlipidemia, and he was pre-diabetes. ECF No. [1046] at 8. He claims that, in prison, he has developed lower back pain in 2021, a right shoulder injury in 2021, depression in June 2022, and COVID-19 in January 2022. *Id.* at 9. Sizer complains that he has not received sufficient clinical evaluations during his incarceration, and he contends that "the most startling fact is" that the Bureau of Prison Health Services "did not detect, based on Mr. Sizer's April 13, 2022 lab results, that he has an acute Vitamin D deficiency." *Id.*

The BOP's medical records bely his arguments. They indicate that he has regularly received medical evaluations and treatment for his conditions. *See generally* ECF No. [1046-2].

6

Case No. 16-cr-20715-BLOOM

As for his claim regarding his "acute Vitamin D deficiency," the April 13, 2022 lab results indicate that his Vitamin D levels were low at that time, but above the level defined as a deficiency. ECF No. [1046-2] at 40.

Regardless, none of Sizer's illnesses could reasonably be characterized as "terminal." *See* U.S. Sent'g Guidelines Manual § 1B1.13, cmt. 1(A)(i). Nor has Sizer shown that any of his conditions "substantially diminish[ ]" his "ability to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *Id*. at cmt. 1(A)(ii). Accordingly, Sizer has failed to show that his medical conditions qualify as an "extraordinary and compelling" circumstance that would allow the Court to grant his motion for compassionate release. Due to that failure to establish extraordinary and compelling circumstances, the Court need not address the remaining considerations under § 3553(a) or § 3142(g).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Sizer's Motion, **ECF No. [1044]**, is **DENIED**.

2. Sizer's Sealed Motion, **ECF No. [1046]**, is **DENIED**. It shall remain sealed until further order from the Court.

3. The **Clerk** is **DIRECTED** to unseal **ECF No. [1045]** and **ECF No. [1047]**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 25, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 16-cr-20715-BLOOM

Copies to:

Counsel of Record

**Craig Sizer**
14046-104
Coleman Federal Correctional Complex-Camp
Unit C-4
Inmate Mail/Parcels
P.O. Box 1027
Coleman, FL 33521-1027
PRO SE