UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cr-20715-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CRAIG SIZER,

    Defendant.
_____/

## ORDER ON MOTION REQUESTING CLARIFICATION

**THIS CAUSE** is before the Court upon Petitioner Craig Sizer's Motion Requesting Clarification, ECF No. [1071], filed on July 11, 2023. Therein, Sizer seeks clarification as to why the Court denied Sizer's Motion Requesting Correction of "Clerical Errors." ECF No. [1064] ("Clerical Errors Motion"). Sizer persuasively asserts that his Motion Requesting Correction of "Clerical Errors" raises an issue that is separate from his Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), so Sizer's appeal of the Court's denial of his § 3582 Motion does not divest this Court of jurisdiction over his Clerical Errors Motion. ECF No. [1046]. The Court therefore grants Sizer's request for clarification and reconsiders Sizer's Clerical Errors Motion.

In Sizer's Clerical Errors Motion, Sizer argues that his Presentence Report contains an error regarding the amount of loss attributable to Sizer's actions. ECF No. [1064] at 10. He introduces new evidence in the form of a Declaration from an accountant, who contests the calculations within Sizer's Presentence Report. *Id.* at 15-17. He uses that Declaration to argue that Sizer's sentencing guideline range was incorrectly calculated. *Id.* at 10. Sizer admits that, at his sentencing, his

Case No. 16-cr-20715-BLOOM

attorney told the Court that there were no errors within the guideline range presented in the Presentence Report. *Id.*

Sizer's Motion is ostensibly brought pursuant to Federal Rule of Criminal Procedure 36, which authorizes a court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "It is clear in this Circuit that Rule 36 may not be used to make a substantive alteration to a criminal sentence." *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (quotation marks omitted). Sizer's Motion seeks precisely that: a "substantive alteration" to his criminal sentence, based on a Declaration from an accountant that purportedly contradicts some of the calculations within Sizer's Presentence Report. The time for Sizer to dispute those factual issues was long ago. Plainly, Sizer is not attempting to correct a "clerical error," but rather a substantive issue regarding the amount of loss caused by his criminal activity. Thus, Rule 36 cannot provide him relief.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Sizer's Motion Requesting Clarification, **ECF No. [1071]**, is **GRANTED**.
2. Sizer's Motion Requesting Correction of "Clerical Errors," **ECF No. [1064]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 11, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Case No. 16-cr-20715-BLOOM

Counsel of Record

**Craig Sizer**
14046-104
Coleman Federal Correctional Complex-Camp
Unit C-4
Inmate Mail/Parcels
P.O. Box 1027
Coleman, FL 33521-1027
PRO SE